## Campbell v. Deardorff

*Donald M. Swope*, for plaintiff.
*Daniel W. Shoemaker*, for defendants.

MacPHAIL, P. J., April 13, 1971.—Pursuant to an allowance granted by this court in a previous order of this court overruling defendant's preliminary objections (order dated January 11, 1971), defendants, Harold K. and Lillian S. Deardorff, filed an answer containing new matter. Subsequently, plaintiff filed a reply which also contained new matter. That pleading was endorsed with notice to plead as to defendants. Defendants have now filed a preliminary objection in the nature of a motion to strike, alleging that it is impermissible for plaintiff to include new matter in a reply where no counterclaim is involved. The parties have submitted to us the issue of whether the preliminary objection should be sustained. Both parties have waived oral argument.

Thus far, the pleadings include a complaint and answer containing new matter and a reply containing new matter. The new matter in defendants' answer includes an allegation in paragraph 17 that defendants have filed a petition in bankruptcy and have been discharged as bankrupts, thus relegating plaintiff to a claim in the bankruptcy proceeding. Plaintiff alleges in the new matter contained in his reply that the credit allegedly extended by the Gettysburg National Bank to defendants, which resulted in the claim now pressed by plaintiff, was extended on the basis of a financial statement alleged by plaintiff to be false and fraudulent. Plaintiff contends that the financial statement was the basis of the credit extended and thus the discharge of defendants in bankruptcy would not release defendants from the claim which is the subject of the present suit. Plaintiff's problem is that there would be no other place in the answer where the matter he wishes to plead could properly be pleaded other than under the heading of new matter. Plaintiff contends that had

he pled it elsewhere in the body of the reply, it would have been objectionable under the provisions of Pa. R. C. P. 1030. The only other alternative available to plaintiff would be to omit any reference to the defense and raise it at trial where, again, defendants could rightfully object.

Pennsylvania Rule of Civil Procedure 1017 limits the pleadings in assumpsit (and the rule is fully applicable to proceedings in equity) to a complaint, an answer, a reply if the answer contains new matter or a counterclaim and a counter-reply *if the reply to a counterclaim contains new matter*. Both Goodrich-Amram and Anderson, the two recognized authorities on the Pennsylvania Rules of Civil Procedure, conclude that since a counter-reply under rule 1017 is limited to the situation where the reply to a counterclaim contains new matter, plaintiff cannot include "new matter" in his reply under any other circumstances: Goodrich-Amram Procedural Rules Service, volume 1, sec. 1030-5; Anderson's Pennsylvania Civil Practice, volume 2, p. 135 (Supp.). Several lower courts have also construed Pa. R. C. P. 1017 to prohibit plaintiff from pleading "new matter" in a reply unless there is a counterclaim raised in defendant's answer. See O'Toole v. Lombardi Coal Co., Inc., 60 Lack. 215 (1959); Mann v. Cohn, 6 Chester 130 (1954); Sterback v. Plank, 59 Lanc. 311, 35 D. & C. 2d 586 (1964) and Balaban v. Howard, 10 Fayette 116, 60 D. & C. 209 (1947).

On the other hand, Pa. R. C. P. 1030, relating to new matter, says that *all* affirmative defenses, including certain specific defenses, shall be pleaded in a responsive pleading under the heading of "new matter." The rule also states: "A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading." Under the provisions of that rule,

plaintiff here seems clearly entitled to include the matter he has pleaded as new matter. To do so is certainly consistent with the purpose of pleadings under the rules of civil procedure, which is to frame the issues to be tried and to inform the adverse party and the court of the matters to be met at trial. Plaintiff's argument that if he does not plead his defense as new matter, it is objectionable under Pa. R. C. P. 1030 and his only alternative is not to plead it at all, is certainly persuasive. However, in view of the intent of the rules and the interpretations given to them by the cases previously recited herein, plaintiff's risks are overstated. If he includes the defense as part of the answer, but not as new matter, any objection by defendant would not be sustained, nor would the defense be waived, since it would have been included in a responsive pleading. See Anderson, Pa. Civil Practice, vol. 2B, p. 39 et seq.

Even if plaintiff chose not to plead the defense at all, there is some authority that holds that he would not be barred from raising it at trial or in a motion for judgment on the pleadings. See Balaban v. Howard, supra. In short, plaintiff's dilemma, while real, is not critical. Defendants' problem however *is* critical because plaintiff's reply contains an endorsement to plead and defendants can't plead because they dare not file a counter-reply, since they do not come within the provisions of Pa. R. C. P. 1017.

Such being the case, we feel that defendants have received the benefit of the facts upon which plaintiff intends to attack the particular defense raised in defendants' answer under new matter. If we were to sustain the motion to strike, and there would certainly be ample authority for doing so, the only purpose would be to delay the proceedings further and require plaintiff to "improperly" plead his defense or run the risk of not pleading it at all.

Under such circumstances, we feel obliged to exercise our authority under Pa. R. C. P. 126 and disregard plaintiff's error in procedure. Accordingly, the following order will be entered:

### ORDER OF COURT

And now, April 13, 1971, the motion to strike is overruled. The endorsement on plaintiff's reply notifying defendants to plead to the new matter contained in the reply is hereby stricken. The averments in paragraphs 10, 11 and 12 of plaintiff's reply under the heading "new matter" are deemed to be denied.